**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 26, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

BREANNE JANETTE WELLS,

Defendant-Appellant.

No. 07-4033
(D.C. No. 1:06-CR-6-TS)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **HARTZ**, and **HOLMES**, Circuit Judges.

Defendant Breanne Janette Wells pled guilty to one count of distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1). Her plea agreement states that she "knowingly, voluntarily and expressly waive[s] my right to appeal any sentence imposed upon me, and the manner in which the sentence is determined, on any of the grounds set forth in Title 18, United States Code,

---

[*] This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Section 3742 or on any ground whatever." Plea Agreement, ¶10 at 3. The agreement did include an exception to the waiver, reserving defendant's right to appeal

> (1) a sentence above the maximum penalty provided in the statute of conviction . . . ; and (2) a sentence above the high-end of the guideline range as determined by the district court at sentencing, or, in the event that no such determination is made by the district court, a sentence above the high-end of the guideline range as set forth in the final presentence report.

*Id.* Based on an offense level of 29 and criminal history category of VI, the probation officer calculated the guideline range at 151 to 188 months. The district court sentenced defendant to 151 months in prison followed by 60 months of supervised release. Defendant appealed her sentence and the government has moved to enforce defendant's appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). We grant the motion and dismiss the appeal.

Under *Hahn*, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. The miscarriage-of-justice prong requires the defendant to show (a) her sentence relied on an impermissible factor such as race; (b) ineffective assistance of counsel in connection with the negotiation of the appeal waiver rendered the waiver invalid; (c) her sentence

exceeded the statutory maximum; or (d) her appeal waiver is otherwise unlawful and the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* at 1327 (quotation omitted). The government's motion addresses these considerations, explaining why none undermines defendant's appeal waiver here. We agree.

Defendant does not contest that her appeal falls within the scope of her appeal waiver nor does she dispute that she knowingly and voluntarily waived her appellate rights. Defendant argues, however, that her appeal waiver should not be enforced because the waiver results in a miscarriage of justice. Specifically, she asserts that "her appeal waiver should not be enforced because of the lengthy sentence imposed, which is at least thirty one (31) months greater than set forth in the plea agreement." Memo. in Opp'n to Mot. to Enforce Plea Agmt. at 2. This argument does not address any of the four sub-factors necessary to make a showing on the miscarriage-of-justice prong. There is no showing that her sentence relied on an impermissible factor, that her counsel was ineffective, that her sentence exceeded the statutory maximum or that her appeal waiver is otherwise unlawful. Moreover, her statement mischaracterizes the contents of the plea agreement, which simply states that the government will recommend that the defendant be sentenced to no more than 120 months, if all of the conditions of the plea agreement are met. The government indicated at the sentencing hearing,

however, that defendant's post-plea conduct did not warrant any favorable sentencing recommendations.

Defendant has not met her burden of establishing that her appeal waiver should not be enforced. Accordingly, the motion to enforce the waiver is GRANTED and the appeal is DISMISSED. The mandate shall issue forthwith.

ENTERED FOR THE COURT
PER CURIAM